124 So.2d 832

James Robert VANDIVER

v.

STATE.

7 Div. 613.

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Denied Nov. 1, 1960.

Hinton & Torbert, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Under an indictment charging assault with intent to murder, this appellant has been adjudged guilty of assault and battery.

The victim of the assault was Joel N. Wood, who on the day of the assault was chief deputy sheriff of St. Clair County.

Mr. Wood testified that, as he was driving on a public highway about eight miles east of Ashville, he observed the appellant and another man named Howard Adams sitting in a car parked on the side of the highway. Mr. Wood had had a report concerning this car and was looking for it. As he turned his automobile around, the appellant drove the other car off. Wood overtook the car and stopped it. The appellant, who was driving, was placed under arrest for driving while intoxicated, and put in the back seat of Wood's car. When Wood attempted to place Adams in the back seat with the appellant Adams resisted. At this time the appellant reached over the front seat and cut the transmitter cord on the radio in Wood's car, thus rendering transmission impossible. The appellant then started out of Wood's car with his open knife and Wood hit him in the face with his pistol. Adams grabbed Wood and the two fell into a ditch. The appellant then came out of the car and entered the melee, cutting Wood on his right leg. The wound thus inflicted required ninety-six stitches to close it. Wood jerked his arm loose sufficiently to fire his pistol and hit appellant in the shoulder. Adams broke loose and ran, and Wood put appellant in his car and drove to the nearest phone where he called the highway patrol.

The appellant in his own behalf testified that when Wood first arrested him he took appellant's small pocket knife from him. The appellant claimed he did not remember cutting the radio transmission cord, nor Mr. Wood, and maintained he could not have done so since Mr. Wood had taken his knife when he first arrested him.

The court's ruling was invoked relatively few times in the trial below.

Near the close of the appellant's direct examination, he testified that he had already been tried and convicted of driving while intoxicated, and driving without a license as a result of his driving on this occasion and had already spent nine months in jail as a result of those convictions.

The record then shows the following at the start of the cross-examination of the appellant:

"Q. (By Mr. Fambrough) You have spent a lot of time in jail, haven't you? A. Yes, sir.

"Mr. Torbert: We object to that.

"Mr. Fambrough: He brought it up.

"The Court: Just a minute. I was sitting here wondering about that. Overruled.

"Mr. Torbert: We reserve an exception to your ruling.

"The Court: Go ahead. The objection is overruled.

"Q. (By Mr. Fambrough) You may answer the question. A. I did answer it.

"Q. You have spent a lot of time in jail? A. Yes, sir.

"Q. How many convictions have you had for driving while intoxicated against you?

"Mr. Torbert: We object to that on the grounds it is prejudicial to the rights of the defendant; it is immaterial to the issues in this case whether

**124**

he has any previous convictions for driving while intoxicated.

"The Court: That is what I said. I was trying to get it in my mind when you asked him about his conviction in the other case arising out of this same set of facts. I can't see it is admissible, so I sustain the objection to that. Don't answer it.

"Q. (By Mr. Fambrough) Approximately how much time have you spent in jail during the past ten years?

"Mr. Torbert: We object to that.

"Mr. Fambrough: I will qualify that, if I may, with the question—

"The Court: I think we have got off the track far enough. I sustain the objection.

"Mr. Torbert: We would like for the jury to be instructed whether or not this defendant has spent any time in jail in the past is completely irrelevant to the issues in this case, unless they are prepared to offer something—

"The Court: I can hardly do that under the testimony that has come in. You asked him how long he spent in jail without any objection from the State, which has no bearing upon the case.

"Mr. Torbert: That is true, but he is attempting to show that this man apparently has a bunch of other convictions. If he is prepared to offer competent evidence of prior convictions which will impeach his character, that is one thing, but the only purpose of this would be an attempt to prejudice the jury against the defendant.

"The Court: He could ask him questions about certain prior convictions without having any evidence at all, but I sustain the objection to the question as asked."

 From a reading of the above excerpt, it is readily apparent that the court

ruled with the appellant following the admission, over appellant's objection, of appellant's testimony to the effect he had spent a lot of time in jail. Since the appellant had just finished testifying that he had spent better than nine months in jail, it would seem that the evidence related to an undisputed fact. If, as counsel now contends, the question, by insinuation, sought to show prior convictions, then the general objection was insufficient to have apprised the court of this ground. In the state of the record at this point the question to which the objection was overruled merely related to a matter already injected into evidence during the direct examination of the appellant, and the objection was properly overruled.

From our examination of the record, we are clear to the conclusion that this judgment is due to be affirmed, and it is so ordered.

Affirmed.